IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRIS L. WEINSCHENKER,

      Plaintiff,                           06cv0405

     v.                             **ELECTRONICALLY FILED**

SCOTT E. AVOLIO,  MARNIE JOHNS,
RICHARD MCCORMICK, JR.,
FRANCIS MURRMAN, GREGG T. NORTON,
JOHN W. PECK, DEBRA A. PEZZE,
JOHN WALTON, CHARLES WASHBURN,
MARK J. BILIK, REBECCA CALISTI,
LEO CIARAMITARO, JANICE DEFLORA,
KEITH HOUSER

      Defendants.

## Memorandum Opinion and Order of Court

**April 6, 2006**

      Plaintiff Kris L. Weinschekner paid his filing fee and filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging amorphous civil rights violations against a host of mostly public officials, which occurred "from February 2003 until the present."  In his complaint, plaintiff claims that his constitutional rights were "systematically usurped by the defendants" by a series of events related to his criminal prosecution in the Court of Common Pleas of Westmoreland County, Pennsylvania.  In general, plaintiff alleges that, in his criminal trial in that Court, his retained and court appointed attorneys and the prosecutors conspired to suppress evidence about his religious faith which would have been exculpatory, that the district justice and two judges of the Court of Common Pleas "were complicit in this degradation of the plaintiff's Constitutional rights," and that the Warden "subjected [plaintiff] to cruel and unusual punishment as a result of his religious faith while incarcerated at Westmoreland County Prison."  Complaint, ¶ 1.

In addition to the judicial officers, attorneys and warden, the other defendants are an officer of the Pennsylvania State Police who arrested plaintiff, an employee of Westmoreland County Adult Probation Office, and the "34 year old female who is the alleged victim" of the offenses with which plaintiff was tried and convicted. (Plaintiff does not enumerate the nature of offenses with which he was charged and *convicted*.)

This complaint is legally insufficient and is incurable, based upon the affirmative allegations contained in the complaint and well established legal precedent, and, therefore, this Court will dismiss the complaint *sua sponte*.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999).  A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987).  Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the

parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims."). Pro se litigants will of course be given some leeway because they are not versed in the law, and their complaints should be construed liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

Although the public officials and plaintiff's victim, who are the subject of plaintiff's claims, have not yet been put to the expense of time and resources to file their inevitable motions to dismiss, the Court will gauge this complaint by the above standards - therefore, the Court has accepted all of plaintiff's facts as true (but this assumption is made only for purposes of testing the legal sufficiency of the complaint), has given him the benefit of all reasonable inferences from the facts as he alleges, and has resolved all doubts in plaintiff's favor.  Having done so, the Court holds that all of plaintiff's claims are without legal merit, based upon the affirmative allegations of his complaint.

The Court clearly has the inherent power to grant a dismissal based on the legal insufficiency of a claim, and may exercise this power on its own initiative.  *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*").  *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal is proper only when the claim clearly appears to be either immaterial

and solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous), *quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666-67 (1974) (some federal questions are so "insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court. . . ."); *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (even if a party does not make a formal motion to dismiss, the court may, *sua sponte*, dismiss the complaint where the inadequacy of  the complaint is clear).

The specifics set forth in plaintiff's complaint are as follows: he was arrested and never "Mirandized;" the arresting state trooper swore out a criminal complaint containing false information; the district justice should never have held him for trial nor set bail at $50,000; a probation officer testified falsely against him; the District Attorney and his assistants falsely prosecuted him on two charges (at Court of Common Pleas of Westmoreland County docket numbers 883C2003 and 5129C2004); his lawyers failed to advance his cause of religious persecution and otherwise aided the prosecution; the judges were complicitous in securing an unlawful conviction; one of his convictions was upheld in post conviction proceedings, which were just completed in December 2005, when one of the judges dismissed his PCRA petition at 5129C2004 and granted an appeal *nunc pro tunc* at 883C2003, which appeal is still pending.  The claim against defendant Walton, the Warden at "Westmoreland County Prison," is, apparently, that the warden denied plaintiff his right to freely exercise his religion by preventing him from committing suicide by means of a religiously-motivated hunger strike.  There are no

specific claims against the victim, other than the implicit complaint that she complained about him and that her father allegedly works in the Westmoreland County Coroner's office.

**Discussion**

The judges, including the district justice, are absolutely immune from suit, since all of the complained of acts were committed in their judicial capacities. *See Stump v. Sparkman*, 435 U.S. 349, 356-57(1978) (citation omitted) (a judge will not be deprived of immunity because action taken was in error, malicious or in excess of authority, but only when the judge has acted in clear absence of jurisdiction); *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768-69 (3d Cir. 2000).

The prosecutors are all entitled to absolute immunity in this case.  In initiating prosecutions and in presenting the State's case, prosecutors are completely immune from civil suit for damages under section 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir.1992). This immunity extends to all prosecutorial functions and activities, i.e., those in which the prosecutor is engaged in typical adversarial prosecutorial functions, even if the prosecutor acted wilfully, maliciously, or in bad faith.  *Imbler*, 424 U.S. at 427, 428 n. 27; *Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 502 (3d Cir.1997).  *See, e.g. Kulwicki, supra* at 1465 (listing "examples of prosecutorial activities protected by absolute, as opposed to qualified, immunity" including: soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings; eliciting false or defamatory statements from witnesses in a judicial proceeding; even interviews generating

evidence to be presented to a grand jury are absolutely protected);  *Henderson v. Fisher*, 631 F.2d 1115, 1120 (3d Cir.1980).  Thus, plaintiff's claims against the District Attorney and his Assistant District Attorneys are foreclosed by prosecutorial immunity.

As to plaintiff's lawyers, it is "well-established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law."  *Harmon v. Delaware Secretary of State*, 154 Fed.Appx. 283, 284-85 (3d Cir. 2005), *citing Polk County v. Dodson*, 454 U.S. 312 (1981).

Plaintiff's claims against these and the other public officials are also barred by the existence of his criminal prosecution in state court, which has not been resolved favorably to him, because these claims "would necessarily imply the invalidity of his conviction or sentence," and hence are barred by *Heck v. Humphrey*, 512 U.S. 477, 487(1994). *See Gilles v. Davis*, 427 F.3d 197, 208- 210 (3d Cir. 2005).  To the extent Plaintiff seeks federal review over the judgment of a state court, he also is barred by the Rooker-Feldman doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, --- U.S. ----, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Similarly, the doctrines of claim and issue preclusion prevent plaintiff from suing any defendant, including the victim of his proven criminal wrongdoings for which he has been convicted in Pennsylvania courts.

Plaintiff's claims against the warden, presumably First Amendment - Freedom of Exercise of Religion, but perhaps the Eight Amendment too, are frivolous. *See Grand*

6

*Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2nd Cir. 1998) (reviewing district court's force-feeding order, court holds that "we, like the majority of courts that have considered the question, hold that such an order does not violate a hunger-striking prisoner's constitutional rights. *See, e.g., Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir.1992), *cert. denied*, 507 U.S. 1009(1993) . . ." - additional citations omitted); *Garza v. Carlson*, 877 F.2d 14 (8th Cir. 1989) (although prisoner asserted the right to die as a result of a religious fast, state's interests in the preservation of prisoners' health is a legitimate objective, and prison officials may take reasonable steps to accomplish this goal).

For all of the foregoing reasons, this Court deems it appropriate to *sua sponte* dismiss plaintiff's complaint now, without putting defendants to the time and expense of responding to his frivolous complaint with inevitable motions to dismiss, because his own affirmative averments therein and the well established law demonstrate that he has no legitimate claims and that any amendment to his complaint would be futile. Accordingly,

**IT IS HEREBY ORDERED, this 6th day of April, 2006**, that plaintiff Kris L. Weinschkner's complaint is **DISMISSED** in its entirety, with prejudice.

The Clerk of Court shall mark this case closed.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Kris L. Weinschenker
1619 Mount Pleasant Road
Greensburg, PA 15601